```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  FRANK D. KORTUM
    Assistant United States Attorney
 6  Asset Forfeiture Section
    California Bar No. 110984
 7       United States Courthouse
         312 North Spring Street, Suite 1400
 8       Los Angeles, California 90012
         Telephone: (213)894-5710
 9       Facsimile: (213)894-7177
         E-Mail:  Frank.Kortum@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America
```

                    UNITED STATES DISTRICT COURT

                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

                            WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. SACV 06-904-AG (ANx) |
| Plaintiff, ) | |
| v. ) | **CONSENT JUDGMENT OF FORFEITURE** |
| $1,346,986.44 IN PROCEEDS FROM ) WACHOVIA SECURITIES ACCOUNTS, ) | |
| Defendant. ) | |
| EVERGREEN TRUST, ) | |
| Claimant. ) | |

On September 26, 2006, plaintiff United States of America ("the United States of America") filed a Verified Complaint for Forfeiture alleging that the defendant $1,346,986.44 in proceeds from Wachovia Securities accounts (the "defendant funds") is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

On October 6, 2006, a First Amended Complaint was filed alleging the defendant funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

Claimant Evergreen Trust ("claimant") filed a claim on or about November 1, 2006. No Answer was filed by Evergreen Trust. No other parties have appeared in this case and the time for filing claims and answers has expired. Claimant is relieved of his obligation to file any additional claims or answers.

Pursuant to paragraph 15.h. of the plea agreement in <u>United States v. Wilson</u>, SACR 09-00097 DOC, defendant Blake Wilson agreed to execute a written consent judgment of forfeiture in this action. A copy of the plea agreement is attached hereto as Exhibit "A."

The United States and claimant have now agreed to settle this action and to avoid further litigation by entering into this Judgment of Forfeiture.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the subject matter of this action and the parties to this Partial Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in this case by any person other than claimant. The Court deems that all other potential

claimants admit the allegations of the Complaint for Forfeiture to be true.

4. Claimant shall forfeit the following: $1,205,515.71 in bank funds (CATS ID # 08-IRS-00395); $140,480.54 in bank funds (CATS ID # 06-IRS-000492); $980.48 in bank funds (CATS ID # 06-IRS-00496); and $9.80 in bank funds (CATS ID # 06-IRS-00496) to the United States of America. The custodian of the defendants is ordered to dispose of the funds forfeited to the United States plus all interest earned in accordance with law.

5. Claimant hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Internal Revenue Setrvice and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs, and interest, which may be asserted by or on behalf of claimant.

6. The Court finds that there was reasonable cause for the seizure of the defendants and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

//
//

7. The Court further finds that claimant did not substantially prevail in this action, and each of the parties hereto shall bear their own attorney fees and costs.

8. The Court shall maintain jurisdiction in this case for the purpose of effectuating the terms of this Consent Judgment of Forfeiture.

DATED: January 24, 2012

THE HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

<u>CONSENT</u>

The parties hereto consent to the above Consent Judgment of Forfeiture and waive any right of appeal.

DATED: October ___, 2011       ANDRÉ BIROTTE JR.
                               United States Attorney
                               ROBERT E. DUGDALE
                               Assistant United States Attorney
                               Chief, Criminal Division
                               STEVEN R. WELK
                               Assistant United States Attorney
                               Chief, Asset Forfeiture Section


                                      /s/
                               _____
                               FRANK D. KORTUM
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA



DATED: October ___, 2011


                                      /s/
                               _____
                               PAUL GABBERT, ESQ.
                               Attorney for Claimant
                               EVERGREEN TRUST